IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM JETTE,                              3:13-CV-00719-AC

            Plaintiff,            ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

            Defendant.


BROWN, Judge.

    Magistrate Judge John V. Acosta issued Findings and
Recommendation (F&R) (#29) on September 8, 2014, in which he
recommends this Court reverse and remand for further
administrative proceedings the Commissioner's decision awarding
Plaintiff supplemental security income benefits and disability
insurance benefits during a closed period of disability between
May 15, 2008 and May 31, 2011.  Defendant filed timely

1  -  ORDER

Objections (#34) to the F&R.  The matter is now before this Court
pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil
Procedure 72(b).

When any party objects to any portion of the Magistrate
Judge's F&R, the district court must make a *de novo* determination
of that portion of the Magistrate Judge's report.  28 U.S.C.
§ 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932
(9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114,
1121 (9th Cir. 2003)(*en banc*).

The Magistrate Judge recommends this Court reverse the
Commissioner's decision to grant benefits to Plaintiff during a
closed period between May 15, 2008 and May 31, 2011 and remand
the case for additional administrative proceedings on the ground
that the Administrative Law Judge (ALJ) failed to consider
Plaintiff's eligibility for a trial work-period after the closed
period.  "The trial work period is a period during which [a
Social Security claimant] may test [his] ability to work and
still be considered disabled."  20 C.F.R. § 404.1592(a).  During
this period, which may be as many as nine nonconsecutive months
in a 60-month period, any services the claimant performs do not
affect his claim to benefits.  *Id.*

Defendant objects to the Magistrate Judge's recommendation
to remand for further proceedings on the ground that the ALJ, in
effect, found there was medical evidence that showed Plaintiff's

2  -  ORDER

impairments had improved as of June 1, 2011 and thus Plaintiff was not entitled to benefits regardless of the trial work-period. Defendant argues the ALJ's discussion of Plaintiff's treating physician's treatment notes, which indicate Plaintiff had shown some improvement, was sufficient to establish that Plaintiff was no longer disabled.

To support a finding that Plaintiff's impairments had medically improved, the ALJ must cite to medical or other evidence. *See* 20 C.F.R. § 404.1592(e)(3). *See also Tumminaro v. Astrue*, 671 F.3d 629, 634 (7th Cir. 2011). As noted in the F&R, although the ALJ discussed the treatment notes of Plaintiff's treating physician, the only evidence the ALJ cited to support a finding that Plaintiff had medically improved was the fact that Plaintiff was employed after the closed period. Thus, the ALJ erred by failing to determine whether Plaintiff is entitled to a trial work-period, whether Plaintiff's employment after the closed period constituted a trial work-period, and whether Plaintiff remained disabled after the trial work-period ended.

This Court has carefully considered Defendant's remaining Objections to the Magistrate Judge's F&R and concludes Defendant's Objections do not provide a basis to modify the F&R. This Court has also reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's F&R.

3  -  ORDER

<u>CONCLUSION</u>

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#29).  Accordingly, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as set out in the Magistrate Judge's Findings and Recommendation.

IT IS SO ORDERED.

DATED this 29th day of October, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4   -   ORDER