UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM JETTE,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

Case No. 3:13-cv-719-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is William Jette's ("Jette") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Although Jette is the claimant in this case, the real party in interest to this motion is his attorney Karen Stolzberg ("Stolzberg"), and the Commissioner does not oppose

Page 1 - FINDINGS AND RECOMMENDATION

the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Stolzberg is entitled to fees under section 406(b) in the amount of $17,453.75.

*Procedural Background*

Jette filed his application for Disability Insurance Benefits and Supplemental Security Income Benefits ("Benefits") on October 23, 2009, alleging an onset date of May 15, 2008. His application was denied initially and on reconsideration. On December 23, 2011, an Administrative Law Judge ("ALJ") issued an opinion in which he found Jette not disabled and, therefore, not entitled to Benefits. Jette filed a motion for reconsideration and the ALJ partially reversed his decision, finding on January 27, 2012 that Jette was entitled to Benefits during the "closed period" between May, 2008 and May, 2011. That decision became the final decision of the Commissioner when the Appeals Council denied Jette's subsequent request for review.

Jette sought review of the Commissioner's decision by filing a complaint in this court on April 29, 2013. Jette alleged the ALJ erred in four respects: (1) finding Jette's past work constituted substantial gainful employment; (2) failing to fully develop the record; (3) providing an inadequate and inaccurate RFC; and (4) rejecting Jette's credibility. On September 8, 2014, this court issued Findings and Recommendations recommending reversal of the Commissioner's decision denying Jette's applications (the "F&R") based on Jette's first argument. (ECF No. 29.)

On October 29, 2014, District Judge Anna Brown issued an Opinion and Order adopting the F&R (the "Opinion"), and remanding for further administrative proceedings. (ECF No. 38.) On December 9, 2014, Jette filed a stipulated application for fees pursuant to the Equal Access to Justice

Act, 28 U.S.C. § 2412. The court granted Jette's application on December 10, 2014, awarding fees in the amount of $8,000. (ECF No. 42.) On July 1, 2016, Jette filed the instant Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in the amount of $17,453.75. The Commissioner does not oppose the motion.

*Discussion*

The parties do not dispute Jette is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Jette requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Jette's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Stolzberg from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two

Page 3 - FINDINGS AND RECOMMENDATION

payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Jette and Stolzberg executed a contingent-fee agreement, which provided that if Stolzberg obtained payment of past-due benefits, Jette would pay her twenty-five percent of the past-due benefits awarded. (ECF No. 43) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Jette. Stolzberg provided a document from the Society Security Administration (the "Administration") entitled "Notice of Change in Benefits," which details the retroactive benefits due Jette and states it has withheld funds in reserve to pay any attorney fees awarded by the court, which may not exceed twenty-five percent past due benefits. (ECF No. 43-3.) Stolzberg seeks the full amount withheld, asserting Jette's retroactive benefits equaled approximately $69,855, an amount consistent with the sum withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the

maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Stolzberg seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit in *Crawford* also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

   A. *The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section

Page 5 - FINDINGS AND RECOMMENDATION

406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Stolzberg's representation. In fact, Stolzberg prevailed on one of her four arguments and successfully argued for a remand that resulted in a change in Jette's benefits.

### B. Results Achieved

The court ordered a remand of Jette's claim for further proceedings which resulted in an increase in Jette's benefit award, a positive result obtained by Stolzberg.

### C. Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Jette's opening brief was filed on January 6, 2014, after Stolzberg requested, and received, three extensions of time necessitated by the large number of briefs filed and hearings attended in prior months. The Commissioner filed the response brief timely on March 10, 2014, and, after obtaining an extension of time, again due to the press of business, Jette filed a reply brief on April 14, 2014. The parties timely filed objections and response to the F&R, and Judge Brown adopted the F&R in the Order dated October 29, 2014.

The pendency of this action exceeded the normal time span due to Stolzberg's requests for extensions of time, which extended the action by nearly five months. However, the five-month delay was not disproportionally long in relation to the overall pendency of the action and was not unreasonable or unfounded. There is nothing in the record to suggest the delay attributable to

Page 6 - FINDINGS AND RECOMMENDATION

Stolzberg was "undue." Accordingly, a reduction of Stolzberg's fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Stolzberg filed a fourteen-page opening brief asserting four errors by the ALJ, and an eleven-page reply brief bolstering her arguments in response to the Commissioner's opposition brief. Stolzberg argued the matter should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings. When this court entered the F&R finding the ALJ's decision was not supported by substantial evidence and recommending the Commissioner's decision be reversed and remanded for further proceedings, the Commissioner filed objections. Stolzberg prevailed on her response to the Commissioner's objections when Judge Brown adopted the analysis in the F&R and remanded the matter for further proceedings.

Based on the amount withheld by the Administration, Jette is entitled to $69,855 in additional retroactive benefits. (ECF No. 43-3.) Stolzberg reports she expended slightly more than sixty-one hours representing Jette in this matter. (ECF No. 43.) This time expenditure falls outside the upper boundary of the twenty- to forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). Nevertheless, based on the complexity of this case, the court finds Stolzberg's time expenditure is not unreasonable.

Page 7 - FINDINGS AND RECOMMENDATION

Stolzberg currently seeks 25 percent, or $17,453.75, of the Benefit award in attorney fees for her representation of Jette before this court, which results in an effectively hourly rate of $286.13. This hourly rate is justified by the results Stolzberg achieved, and falls below Stolzberg's regular billing rate of $350 per hour, and is only slightly higher than the average hourly rate of $284 for Portland attorneys according to the Oregon State Bar 2012 Survey. (ECF No. 43.)

*E. Risk*

Stolzberg references the substantial risk of nonpayment undertaken in this case as well as the significant delay in payment. Here, Jette identified four issues in the ALJ's decision, the ALJ's errors were subtle, and the outcome of the case was far from assured, as evidenced by the Commissioner's need to file objections to the F&R. The court therefore finds that the risk involved in this case was above average, and no reduction of the request fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Jette's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 43) in the amount of 17,453.75 should be GRANTED. Because Stolzberg was awarded attorney fees under the Act by the Ninth Circuit, Stolzberg should be ordered to refund $8,000, the lesser of the two fees, to Jette.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **August 26, 2016**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.
Page 8 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of August, 2016.

_____
JOHN V. ACOSTA
United States Magistrate Judge